## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**BOBBY E. GARDNER III,**

       **Petitioner,**

**v.**                               **Case No. 2:12-cv-05111**

**MARVIN PLUMLEY, Warden,**
**Huttonsville Correctional Center,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 5, 2012, the Clerk's Office received and docketed, in the above-referenced civil action, documents from the petitioner concerning the denial of a Petition for a Writ of Habeas Corpus filed in the Circuit Court of Fayette County (Case No. 12-C-225) on August 8, 2012.  <u>The documents received by this court are on forms used in the Supreme Court of Appeals of West Virginia ("SCAWV") in the course of an appeal in that court</u>.  The undersigned's staff has contacted the Clerk's Office for the SCAWV and learned that the petitioner has not filed a Petition for Appeal concerning the denial of his Fayette County habeas corpus petition in that court.

## APPLICABLE STATUTORY AUTHORITY

The federal courts may review applications for a writ of habeas corpus by a prisoner in state custody, pursuant to section 2254 of Title 28 of the United States Code. It is not an appeal, but is a separate civil proceeding that is limited in scope, in accordance with the language of the above-cited statute.  Section 2254 of Title 28 provides, in pertinent part:

(a)  The Supreme Court [of the United States], a Justice thereof, a circuit judge, or a district judge shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

      (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254 (a) and (b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed.  *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV.  *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the

2

merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

There is also a time limit for filing a Petition for a Writ of Habeas Corpus under section 2254.  On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

## **ANALYSIS**

### Failure to prosecute

On September 26, 2012, the undersigned entered an Order advising the petitioner of the exhaustion requirement and directing the petitioner to advise the court in writing, by October 5, 2012, of his intent when he filed the documents herein.  The petitioner was notified that, if it was his intent to file a Petition for Appeal in the SCAWV concerning the denial of his Fayette County habeas corpus petition, such an appeal has not been perfected, and the four-month time period in which the petitioner is permitted to timely file such an appeal under the West Virginia Rules of Appellate Procedure is still running.  The petitioner was further notified that, if he intended to file a Petition for a Writ of Habeas Corpus under section 2254 in this court, the undersigned would proceed to conduct an initial screening of the petition and make a recommendation for further proceedings or disposition of the petitioner's claims, in accordance with the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. §§ 2244(d) and 2254.

The petitioner did not respond to the court in writing by October 5, 2012, and he has taken no further action since the court received and docketed his "petition for appeal" documents.  Thus, based upon his failure to comply with the undersigned's Order and failure to take any steps to remedy the procedural confusion in the case, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to prosecute this civil action.

<u>Failure to exhaust state court remedies and non-cognizable claims</u>

There are several other reasons for dismissal of the petitioner's present petition. According to the documents filed by the petitioner, it does not appear that the petitioner filed a direct appeal of his conviction and/or sentence in the SCAWV.[1]     On June 28, 2012, he filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County, West Virginia, which raised, for the first time in the state court proceedings, the following grounds for relief:

1.    Mental incapacity at the time of the alleged crimes/voluntary intoxication.

2.    Coerced confession,

3.    Unfulfilled plea bargain.

4.    Errors in sentencing.

5.    Errors in the Presentence Investigation Report.

6.    Ineffective assistance of counsel.

7.    Cumulative error.

(ECF No. 2 at 15-16.)

On August 8, 2012, the Circuit Court entered a very detailed Dismissal Order addressing of each of the petitioner's grounds for relief and denying the same on the merits. (*Id.* at 8-32.) The filing of the instant documents in this court on September 5, 2012 appears to be the next step taken by the petitioner. As detailed above, it does not appear that the petitioner has filed a Petition for Appeal in the SCAWV regarding the denial of his claims for habeas corpus relief, and even if he were to do so within the time

---

[1]  According to the Dismissal Order denying the petitioner's Circuit Court habeas corpus petition, after his sentencing, the petitioner filed three unsuccessful petitions for reconsideration of his sentence between April and November of 2007, but did not file a Petition for Appeal at any time thereafter.   The petitioner filed a fourth "Motion for Re-evaluation of Previously Imposed Sentence" on March 18, 2011, and a fifth such motion on February 17, 2012, which were also denied by the Circuit Court.

remaining under the state Rules of Appellate Procedure, his petition filed in this court is premature, and the claims contained therein are unexhausted.

     The undersigned notes that the "Notice of Appeal" document filed by the petitioner herein lists the following as the grounds for relief he raised in the Circuit Court:  (1) ineffective assistance of counsel; (2) mental capacity at time of crime; (3) coerced confession; (4) cumulative error; and (5) plain error because the Circuit Court failed to conduct an evidentiary hearing in the state habeas proceeding.  Furthermore, the petitioner only lists one ground for relief that he is presently attempting to raise (*See* ECF No. 2 at 3, 7, Section 17), that is, that the Circuit Court abused its discretion in denying the petitioner an omnibus hearing.  This claim is not cognizable in federal habeas corpus.  *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) ("[A] challenge to Virginia's state habeas proceedings cannot provide a basis for federal habeas relief."); *see also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.), *cert. denied*, 495 U.S. 936 (1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); *Vail v. Procunier*, 747 F.2d 277, 278 (5th Cir. 1984) ("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief.")  (ECF No. 16 at 32.)

     Also, to the extent that the petitioner is now attempting to raise a claim of ineffective assistance of counsel because his court-appointed counsel failed to file a Petition for Appeal concerning his conviction and/or sentence (a direct appeal), the petitioner did not specifically raise that claim in his Circuit Court habeas petition and, thus, the issue is unexhausted.

Thus, the undersigned further proposes that the presiding District Judge **FIND** that, because the petitioner did not file an appeal of the claims raised in his habeas corpus petition filed in the Circuit Court of Fayette County, those claims are unexhausted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action, without prejudice, for failure to exhaust state court remedies. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY**, without prejudice, the petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.)

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and the Attorney General of the State of West Virginia.

October 23, 2012
Date

Mary E. Stanley
United States Magistrate Judge